1 | **BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
2 | Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
3 | 2255 Calle Clara
La Jolla, CA 92037
4 | Telephone: (858)551-1223
Facsimile: (858) 551-1232
5 | Website: www.bamlawca.com

6 | Attorneys for Plaintiff

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 |

12 | MARIA CHONA RODRIGUEZ, an individual, on behalf of herself, and on behalf of all persons similarly situated,

Case No. _____

13 | 

**CLASS ACTION COMPLAINT FOR:**

14 | 

1. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq*.];

15 | Plaintiff,

16 | vs.

2. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq*.];

17 | EL TORO MEDICAL INVESTORS LIMITED PARTNERSHIP, a Limited Partnership; LIFE CARE CENTERS OF AMERICA, INC., a Corporation; and DOES 1 through 50, inclusive,

18 |

3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq*.;

19 |

4. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 & 1198, *et seq*.;

20 |

5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226.; and

21 | Defendants.

6. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LABOR CODE §§ 201, 202 AND 203.

22 |

23 |

24 |

25 |

26 |

27 | **DEMAND FOR A JURY TRIAL**

28 |

CLASS ACTION COMPLAINT
-1-

Plaintiff Maria Chona Rodriguez ("PLAINTIFF"), on behalf of herself and all others similarly situated, alleges on information and belief, except for her own acts and knowledge, the following:

## THE PARTIES

1. Defendant El Toro Medical Investors Limited Partnership at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California. El Toro Medical Investors Limited Partnership also conducts business under the name Lake Forest Nursing Center.

2. Defendant Life Care Centers of America, Inc. at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

3. Defendants El Toro Medical Investors Limited Partnership and Defendant Life Care Centers of America, Inc. were the joint employers of PLAINTIFF as evidenced by paychecks and other company documents controlling the working conditions for PLAINTIFF and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as "DEFENDANT." DEFENDANT operates or manages more than 200 skilled nursing, rehabilitation, Alzheimer's and senior living campuses in 28 states.

3. Plaintiff Maria Chona Rodriguez worked for DEFENDANT in California as a Licensed Practical Nurse (LPN) from February of 2014 to February of 2015. At all times during her employment with DEFENDANT, PLAINTIFF was classified as a non-exempt employee paid on an hourly basis and entitled to overtime wages and meal and rest periods. In connection with her employment application, PLAINTIFF completed DEFENDANT's standard application materials. Among other things, these application materials included a background investigation disclosure and consent form. To date, and as described below, DEFENDANT has not fully paid PLAINTIFF the compensation still owed to her or any penalty wages owed to her under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed the

1   sum or value of $75,000.

2        4.      During the employment application process PLAINTIFF executed the background

3   check disclosure and authorization form permitting DEFENDANT to have a third-party obtain

4   a consumer report, which form included, among other things, a liability release provision.

5        5.      PLAINTIFF brings this Class Action on behalf of herself and a nationwide class,

6   defined as all employees or prospective employees of DEFENDANT in the United States who

7   executed DEFENDANT's standard FCRA disclosure form that included a liability release

8   clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the

9   filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS

10  PERIOD").

11       6.      PLAINTIFF also brings this Class Action on behalf of herself and a California

12  class, defined as all individuals who are or previously were employed by DEFENDANT in

13  California and classified as non-exempt employees paid on an hourly basis (the "CALIFORNIA

14  CLASS") at any time during the period beginning four (4) years prior to the filing of this

15  Complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS

16  PERIOD").

17       7.      PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA

18  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

19  the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice

20  which failed to lawfully compensate these employees for all their time worked and missed meal

21  and rest periods.  DEFENDANT's uniform policy and practice alleged herein is an unlawful,

22  unfair and deceptive business practice whereby retained and continues to retain wages due

23  PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other

24  members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by

25  DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the

26  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and

27  current unlawful conduct, and all other appropriate legal and equitable relief.

28

1

2                                    **THE CONDUCT**

3          8.      The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA") provides

4    individuals with a number of rights.  Specifically, pertaining to employment-related background

5    checks, the FCRA provides that a prospective employee must give valid consent to the

6    background check.   The FCRA requires a signed authorization and disclosure from the

7    applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form

8    most be executed and signed by the applicant prior to an employer requesting or conducting a

9    background check.  Importantly, no extraneous information can be attached or included on the

10   consent form. *The authorization and disclosure must stand alone*.

11         9.      In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), EL TORO MEDICAL has

12   unlawfully inserted a liability release provision into forms purporting to grant DEFENDANT

13   and its third-party background checking company the authority to obtain and use consumer

14   report information for employment purposes.  The FCRA prohibits this practice and requires

15   that forms granting the authority to access and use consumer report information for employment

16   purposes be stand alone forms, and not include any additional information or agreements.

17   DEFENDANT's decision to include liability release provisions in its authorization forms is

18   contrary to the plain language of the statute and unambiguous regulatory guidance from the

19   Federal Trade Commission ("FTC").

20         10.     In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained

21   consumer reports without proper authorization because the authorization and disclosure form

22   signed by PLAINTIFF and other FCRA CLASS Members failed to comply with the

23   requirements of the FCRA.  The inclusion of the liability release clause in DEFENDANT's

24   authorization forms invalidates the purported consent and also triggers statutory damages under

25   the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a

26   consumer report without a facially valid authorization, as well as punitive damages, equitable

27   relief, and attorneys' fees and costs.

28

11.     During the CALIFORNIA CLASS PERIOD, DEFENDANT also failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked, including overtime worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required o pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control performing post-shift duties, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFF and CALIFORNIA CLASS Members to complete.  PLAINTIFF and CALIFORNIA CLASS Members were required to clock out of DEFENDANT's timekeeping system in order to perform additional work for DEFENDANT as required to meet DEFENDANT's job requirements.  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable overtime rates.

12.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANT's business records which contain no record of these breaks.  PLAINTIFF and other members of the

1  CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and

2  in accordance with DEFENDANT's strict corporate policy and practice.

3       13.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

4  CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without

5  being provided ten (10) minute rest periods.  Further, these employees were denied their first

6  rest periods of at least ten (10) minutes for every shift worked of at least two (2) to four (4)

7  hours, a first and second rest period of at least ten (10) minutes for every shift worked of

8  between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10)

9  minutes for every shift worked of ten (10) hours or more.  PLAINTIFF and other

10  CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.

11  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS

12  Members were systemically denied their proper rest periods by DEFENDANT and

13  DEFENDANT's managers.

14       14.    PLAINTIFF sought employment with DEFENDANT in February of 2014.  In

15  connection with her employment application, PLAINTIFF completed DEFENDANT's standard

16  application materials.  These application materials included a background check disclosure and

17  authorization form and included on the form was extraneous information, including but not

18  limited to, a liability release clause releasing DEFENDANT and its third-party it contracted

19  with from all liability stemming from the conducting of a background check on PLAINTIFF.

20  Following her submission of the employment application materials DEFENDANT's third party

21  conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for

22  DEFENDANT.

23       15.    The background check disclosure and authorization form disclosed that

24  DEFENDANT intended to conduct a background investigation on the applicant that would

25  involve investigating the applicant's work record, references and education.  In addition, the

26  form also contained a liability release provision stating "I release from liability all persons,

27  companies, and governmental agencies disclosing such information"

28

16.     The inclusion of this liability release provision in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

17.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(I)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

18.     After PLAINTIFF executed the background check disclosure and authorization form in February of 2014, DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

19.     Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that "the form should not include any extraneous information.  Further, the FTC has also specifically warned that "[t]he inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

20.     By including a liability release clause in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

21.     When PLAINTIFF and other CALIFORNIA CLASS Members were not compensated for overtime work and missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of time worked,  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek. Cal. Lab. Code § 226 provides that every employer shall furnish each

of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

22. By reason of this uniform conduct applicable to PLAINTIFF and CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fail to accurately record overtime worked, including overtime worked by the PLAINTIFF and other CALIFORNIA CLASS Members. The proper recording of these employees' time worked, including overtime worked, is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT fails to properly calculate and/or pay all required wages for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

## THE FCRA CLASS ALLEGATIONS

23. PLAINTIFF brings the First and Second Cause of Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

24. To the extent equitable tolling operates to toll claims by the FCRA CLASS against DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

25. DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and

deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

26.    The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

27.    DEFENDANT uniformly violated the rights of the FCRA CLASS by:

(a)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

28.    Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT required the FCRA CLASS Members to sign a background check disclosure and authorization form;

(b)    Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* ("FCRA");

(c)    Whether DEFENDANT violated the FCRA by including a liability release in its background check disclosure and authorization form; and,

(d)    Whether DEFENDANT violated the FCRA by procuring consumer report information based on invalid authorizations;

(e)    Whether DEFENDANT's violations of the FCRA were willful;

(f)    The proper measure of statutory damages and punitive damages; and,

(g)    The proper form of injunctive and declaratory relief.

29.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the FCRA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their

1    claims as a class will benefit the parties and the Court;

2    (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

3           raised in this Complaint are common to the FCRA CLASS will apply

4           uniformly to every member of the FCRA CLASS;

5    (c)    The claims of the representative PLAINTIFF are typical of the claims of

6           each member of the FCRA CLASS.  PLAINTIFF, like all the other

7           members of the FCRA CLASS, had a credit report obtained on her behalf

8           by DEFENDANT prior to obtaining valid authorization to do so in

9           violation of the FCRA as described herein.  PLAINTIFF and the members

10          of the FCRA CLASS were and are similarly or identically harmed by the

11          same unlawful, deceptive, unfair and pervasive pattern of misconduct

12          engaged in by DEFENDANT; and,

13   (d)    The representative PLAINTIFF will fairly and adequately represent and

14          protect the interest of the FCRA CLASS, and has retained counsel who are

15          competent and experienced in Class Action litigation.  There are no

16          material conflicts between the claims of the representative PLAINTIFF

17          and the members of the FCRA CLASS that would make class certification

18          inappropriate.  Counsel for the FCRA CLASS will vigorously assert the

19          claims of all employees in the FCRA CLASS.

20       30.    In addition to meeting the statutory prerequisites to a Class Action, this Action

21   is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in

22   that:

23   (a)    Without class certification and determination of declaratory, statutory and

24          other legal questions within the class format, prosecution of separate

25          actions by individual members of the FCRA CLASS will create the risk

26          of:

27       1)    Inconsistent or varying adjudications with respect to individual

28             members of the FCRA CLASS which would establish incompatible

standards of conduct for the parties opposing the FCRA CLASS; and/or,

2)    Adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the FCRA CLASS have acted or refused to act on grounds generally applicable to the FCRA CLASS, making appropriate class-wide relief with respect to the FCRA CLASS as a whole;

(c)    Common questions of law and fact exist as to the members of the FCRA CLASS, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the FCRA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual FCRA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS, which would establish incompatible standards of conduct for

DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the FCRA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

31.   This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the FCRA CLASS predominate over any question affecting only individual FCRA CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the FCRA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the FCRA CLASS because in the context of employment litigation a substantial number of

1  individual FCRA CLASS Members will avoid asserting their rights
2  individually out of fear of retaliation or adverse impact on their
3  employment;

4  (c)  The members of the FCRA CLASS are so numerous that it is impractical
5  to bring all members of the FCRA CLASS before the Court;

6  (d)  PLAINTIFF, and the other FCRA CLASS Members, will not be able to
7  obtain effective and economic legal redress unless the action is maintained
8  as a Class Action;

9  (e)  There is a community of interest in obtaining appropriate legal and
10  equitable relief for the acts of statutory violations and other improprieties,
11  and in obtaining adequate compensation for the injuries which
12  DEFENDANT's actions have inflicted upon the FCRA CLASS;

13  (f)  There is a community of interest in ensuring that the combined assets of
14  DEFENDANT are sufficient to adequately compensate the members of the
15  FCRA CLASS for the injuries sustained;

16  (g)  DEFENDANT has acted or refused to act on grounds generally applicable
17  to the FCRA CLASS, thereby making final class-wide relief appropriate
18  with respect to the FCRA CLASS as a whole;

19  (h)  The members of the FCRA CLASS are readily ascertainable from the
20  business records of DEFENDANT.  The FCRA CLASS consists of all
21  employees or prospective employees of DEFENDANT in the United
22  States who executed DEFENDANT's standard FCRA disclosure form that
23  included a liability release clause allowing DEFENDANT to obtain a
24  consumer  report during the FCRA CLASS PERIOD; and,

25  (i)  Class treatment provides manageable judicial treatment calculated to bring
26  an efficient and rapid conclusion to all litigation of all FCRA claims
27  arising out of the conduct of DEFENDANT as to the members of the

28

1      FCRA CLASS.

2      32.    DEFENDANT maintains records from which the Court can ascertain and identify

3    by name and job title, each of DEFENDANT's employees who have been systematically,

4    intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

5    procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include

6    any additional job titles of similarly situated employees when they have been identified.

7

8                        **THE CALIFORNIA CLASS**

9      33.    PLAINTIFF brings the Third Cause of Action for Unfair, Unlawful and Deceptive

10   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

11   Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class,

12   defined as all individuals who are or previously were employed by DEFENDANT in California

13   and classified as non-exempt employees paid on an hourly basis (the "CALIFORNIA CLASS")

14   at any time during the period beginning four (4) years prior to the filing of this Complaint and

15   ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS PERIOD").

16     34.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

17   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

18   accordingly.

19     35.    The California Legislature has commanded that "all wages... ...earned by any

20   person in any employment are due and payable twice during each calendar month, on days

21   designated in advance by the employer as the regular paydays",  and further that  "[a]ny work

22   in excess of eight hours in one workday and any work in excess of 40 hours in any one

23   workweek . . . shall be compensated at the rate of no less than one and one-half times the regular

24   rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

25   Commission (IWC), however, is statutorily authorized to "establish exemptions from the

26   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

27   professional employees, provided [inter alia] that the employee is primarily engaged in duties

28

1   that meet the test of the exemption, [and] customarily and regularly exercises discretion and

2   independent judgment in performing those duties..."   (Lab. Code § 510(a).)   Neither the

3   PLAINTIFF nor the other members of the CALIFORNIA CLASS qualify for exemption from

4   the above requirements.

5       36.   DEFENDANT, as a matter of company policy, practice and procedure, and in

6   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

7   requirements, and the applicable provisions of California law, intentionally, knowingly, and

8   wilfully, engages in a practice whereby DEFENDANT systematically fails to record overtime

9   worked by PLAINTIFF and other CALIFORNIA CLASS Members, even though

10  DEFENDANT enjoys the benefit of this work, requires employees to perform this work and

11  permits or suffers to permit this work.

12      37.   DEFENDANT has the legal burden to establish that each and every

13  CALIFORNIA CLASS Member is paid wages due to them for time worked at the rate required

14  by California law, including overtime work.   The DEFENDANT, however, as a matter of

15  uniform and systematic policy and procedure failed to have in place during the CALIFORNIA

16  CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and

17  every CALIFORNIA CLASS Member was paid for their time worked as required by law,

18  including their overtime worked.   This common business practice is applicable to each and

19  every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful,

20  unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL")

21  as causation, damages, and reliance are not elements of this claim.

22      38.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

23  CLASS Members is impracticable.

24      39.   DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

25  California law by:

26          (a)   Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

27              §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively

28

1    having in place company policies, practices and procedures that uniformly

2    and systematically fail to record and pay the PLAINTIFF and the other

3    members of the CALIFORNIA CLASS for time worked, including

4    overtime worked by these employees;

5    (b)    Committing an act of unfair competition in violation of the UCL, by

6    unlawfully, unfairly, and/or deceptively failing to pay the correct overtime

7    pay owed to PLAINTIFF and the members of the CALIFORNIA CLASS

8    for overtime worked; and,

9    (c)    Committing an act of unfair competition in violation of the UCL, by

10    failing to provide the PLAINTIFF and the other members of the

11    CALIFORNIA CLASS with the legally required uninterrupted meal and

12    rest breaks.

13    40.    This Class Action meets the statutory prerequisites for the maintenance of a Class

14    Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

15    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

16    that the joinder of all CALIFORNIA CLASS Members is impracticable

17    and the disposition of their claims as a class will benefit the parties and the

18    Court;

19    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

20    that are raised in this Complaint are common to the CALIFORNIA

21    CLASS will apply uniformly to every member of the CALIFORNIA

22    CLASS;

23    (c)    The claims of the representative PLAINTIFF are typical of the claims of

24    each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

25    other members of the CALIFORNIA CLASS, was a non-exempt

26    employee paid on an hourly basis and was subjected to DEFENDANT's

27    deceptive practice and policy which failed to accurately record time

28

CLASS ACTION COMPLAINT
-16-

worked, including overtime worked and as a result failed to pay wages due to the CALIFORNIA CLASS for overtime worked by the CALIFORNIA CLASS and thereby systematically underpaid compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

41.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be

dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay wages due. Including wages due for overtime worked by the members of the CALIFORNIA CLASS as required by law;

   1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

   1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses

sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

42.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniformly and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief

appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees paid on an hourly basis during the CALIFORNIA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

43.   DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

44.   PLAINTIFF further brings the Fourth, Fifth and Sixth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California  and classified as non-exempt employees paid on an hourly basis (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

45.   DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and

wilfully, engaged in a practice whereby DEFENDANT failed to record time worked by PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS, including overtime worked, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees were entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

46.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

47.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

48.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay overtime wages to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(c)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(d)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate

itemized wage statements;

(e)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

49.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS wages due for time worked, including overtime worked for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194; and,

(b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

50.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis and was subjected to DEFENDANT's deceptive practice and policy which failed to correctly record time worked and failed to pay wages due to the CALIFORNIA LABOR SUB-CLASS for time worked, including overtime worked by the CALIFORNIA LABOR SUB-CLASS and thereby systematically underpays the overtime compensation to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate.

1          Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

2          assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

3       51.   In addition to meeting the statutory prerequisites to a Class Action, this action is

4  properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

5         (a)   Without class certification and determination of declaratory, injunctive,

6          statutory and other legal questions within the class format, prosecution of

7          separate actions by individual members of the CALIFORNIA LABOR

8          SUB-CLASS will create the risk of:

9             1)   Inconsistent or varying adjudications with respect to individual

10            members of the CALIFORNIA LABOR SUB-CLASS which

11            would establish incompatible standards of conduct for the parties

12            opposing the CALIFORNIA LABOR SUB-CLASS; or,

13             2)   Adjudication with respect to individual members of the

14            CALIFORNIA LABOR SUB-CLASS which would as a practical

15            matter be dispositive of interests of the other members not party to

16            the adjudication or substantially impair or impede their ability to

17            protect their interests.

18         (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

19          or refused to act on grounds generally applicable to the CALIFORNIA

20          LABOR SUB-CLASS, making appropriate class-wide relief with respect

21          to the CALIFORNIA LABOR SUB-CLASS as a whole in that

22          DEFENDANT uniformly failed to pay wages due for overtime worked by

23          the members of the CALIFORNIA LABOR SUB-CLASS as required by

24          law;

25         (c)   Common questions of law and fact predominate as to the members of the

26          CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

27          violations of California Law as listed above, and predominate over any

28          question affecting only individual CALIFORNIA LABOR SUB-CLASS

Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

52.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of

1     DEFENDANT are sufficient to adequately compensate the members of the

2     CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

3     (g)   DEFENDANT has acted or refused to act on grounds generally applicable

4     to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

5     wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

6     CLASS as a whole;

7     (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

8     ascertainable from the business records of DEFENDANT. The

9     CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

10     CLASS Members who are or previously were employed by DEFENDANT

11     in California and classified as non-exempt employees paid on an hourly

12     basis during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

13     (i)   Class treatment provides manageable judicial treatment calculated to bring

14     an efficient and rapid conclusion to all litigation of all wage and hour

15     related claims arising out of the conduct of DEFENDANT as to the

16     members of the CALIFORNIA LABOR SUB-CLASS.

## JURISDICTION AND VENUE

53.    This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15 U.S.C. § 1681, *et seq*.

54.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (I) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this District; (ii) DEFENDANT maintains offices and facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CLASS, including the PLAINTIFF in this District.

///

///

///

**FIRST CAUSE OF ACTION**

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq*.]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

55.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 54 of this Complaint.

56.    DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including a liability release clause in DEFENDANT's background check disclosure and authorization form that PLAINTIFF and other FCRA CLASS Members were required to execute as a condition of employment with DEFENDANT.

57.    The violations of the FCRA were willful.   DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

58.    PLAINTIFF and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59.    PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

60.    PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CAUSE OF ACTION**

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

61.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and

incorporate by this reference, as though fully set forth herein, paragraphs 1 through 60 of this Complaint.

62.     DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

63.     The violations of the FCRA were willful.  DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

64.     PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

65.     PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

66.     PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§  17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

67.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

69.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

1    competition as follows:

2        Any person who engages, has engaged, or proposes to engage in unfair
         competition may be enjoined in any court of competent jurisdiction. The
3        court may make such orders or judgments, including the appointment of a
         receiver, as may be necessary to prevent the use or employment by any
4        person of any practice which constitutes unfair competition, as defined in
         this chapter, or as may be necessary to restore to any person in interest any
5        money or property, real or personal, which may have been acquired by
         means of such unfair competition.

6    Cal. Bus. & Prof. Code § 17203.

7        70.    By the conduct alleged herein, DEFENDANT has engaged and continues to

8    engage in a business practice which violates California law, including but not limited to, the

9    applicable Industrial Wage Order(s), the California Code of Regulations and the California

10   Labor Code including Sections 204, 226.7, 510, 512, 1198, for which this Court should issue

11   declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be

12   necessary to prevent and remedy the conduct held to constitute unfair competition, including

13   restitution of wages wrongfully withheld.

14       71.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

15   unfair in that these practices violate public policy, were immoral, unethical, oppressive,

16   unscrupulous or substantially injurious to employees, and were without valid justification or

17   utility for which this Court should issue equitable and injunctive relief pursuant to Section

18   17203 of the California Business & Professions Code, including restitution of wages wrongfully

19   withheld.

20       72.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

21   fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

22   other members of the CALIFORNIA CLASS, wages due for time worked, including overtime

23   worked, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

24   requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

25   issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

26   restitution of wages wrongfully withheld.

27       73.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

28

1  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

2  other members of the CALIFORNIA CLASS to be underpaid during their employment with

3  DEFENDANT.

4      74.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

5  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed

6  to provide legally required uninterrupted meal breaks to PLAINTIFF and the other members of

7  the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

8      75.    Therefore, PLAINTIFF demands on behalf of herself and on behalf of

9  each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-

10  duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour

11  of pay for each workday in which a second off-duty meal period was not timely provided for

12  each ten (10) hours of work.

13      76.    PLAINTIFF further demands on behalf of herself and on behalf of each

14  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

15  was not timely provided as required by law.

16      77.    By and through the unlawful and unfair business practices described herein,

17  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

18  other members of the CALIFORNIA CLASS, including earned wages for time worked,

19  including overtime worked, and has deprived them of valuable rights and benefits guaranteed

20  by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT

21  so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

22      78.    All the acts described herein as violations of, among other things, the Industrial

23  Welfare Commission Wage Orders, the California Code of Regulations, and the California

24  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

25  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

26  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

27      79.    PLAINTIFF and the other members of the CALIFORNIA CLASS were further

28  entitled to, and do, seek a declaration that the described business practices were unlawful, unfair

and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

80.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

### FOURTH CAUSE OF ACTION
### For Failure To Pay Overtime Compensation
### [Cal. Lab. Code §§ 510 & 1198, *et seq.*]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

81.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80 of this Complaint.

82.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for time worked, including overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

83.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for time worked.

84.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified

by law.

85.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

86.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been required by DEFENDANT to work off-the-clock and have not been paid for the off-the-clock time they worked, including overtime worked.

87.   DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record time worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denies accurate compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for time worked, including, the overtime work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

88.   In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded time worked and consequently underpaid the actual time worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

89.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive full compensation for time worked, including overtime worked.

90.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

91.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for time worked that they are entitled to, constituting a failure to pay earned overtime wages at the rate under Labor Code § 1198.

92.     DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime for the time they worked which is in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are required to work, and do in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

93.     By virtue of DEFENDANT's unlawful failure to accurately pay earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they work, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

94.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for time

1  worked, including overtime worked.

2      95.    In performing the acts and practices herein alleged in violation of California labor

3  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

4  their time  worked and provide them with the requisite overtime compensation, DEFENDANT

5  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

6  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

7  disregard for their legal rights, or the consequences to them, and with the despicable intent of

8  depriving them of their property and legal rights, and otherwise causing them injury in order to

9  increase company profits at the expense of these employees.

10      96.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11  therefore request recovery of unpaid wages, including overtime wages, according to proof,

12  interest, statutory costs, as well as the assessment of any statutory penalties against

13  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

14  statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the

15  CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

16  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

17  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

18  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

19  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.

20  Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled

21  to seek and recover statutory costs.

22

23              **FIFTH CAUSE OF ACTION**

24      **For Failure to Provide Accurate Itemized Statements**

25              **[Cal. Lab. Code § 226]**

26  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

27                      **Defendants)**

28      97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 96 of this Complaint.

98.   Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and her or her social security number, except that by January 1, 2008, only the last four digits of her or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

99.   When PLAINTIFF and other CALIFORNIA CLASS Members were not compensated for overtime worked and missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of time worked,  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Cal. Lab. Code § 226 provides that every employer shall furnish

each of her or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

100.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.   These damages include, but are not limited to, costs expended calculating the correct rates for the overtime hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### SIXTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

101.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 100 of this Complaint.

102.    Cal. Lab. Code § 200 provides, in relevant part, that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every

description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

106. Cal. Lab. Code § 201 provides, in relevant part, "that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

107. Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

108. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

109. Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

110. The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

111. Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the FCRA CLASS:

    A)    That the Court certify the First and Second Cause of Action asserted by the FCRA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)    A determination and judgment that DEFENDANT willfully violated the 15 U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and FCRA CLASS Members without having proper authorization to do so;

    C)    Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the FCRA CLASS in an amount equal to $1,000 for PLAINTIFF and each FCRA CLASS Member for DEFENDANT's willful violation of the FCRA:

    D)    Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other FCRA CLASS Members;

    E)    An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

    F)    Such other and further relief as the Court deems just and equitable.

2.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the Third Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the

1    CALIFORNIA CLASS; and,

2    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

3          for restitution of the sums incidental to DEFENDANT's violations due to

4          PLAINTIFF and to the other members of the CALIFORNIA CLASS.

5    3.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

6    A)    That the Court certify the Fourth, Fifth and Sixth Causes of Action asserted by the

7          CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ.

8          Proc. 23(b)(2) and/or (3);

9    B)    Compensatory damages, according to proof at trial, including compensatory

10         damages for overtime compensation due PLAINTIFF and the other members of

11         the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

12         LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate; and,

13   C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period

14         in which a violation occurs and one hundred dollars ($100) per each member of

15         the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

16         period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

17         an award of costs for violation of Cal. Lab. Code § 226; and,

18   D)    The wages of all terminated employees from the CALIFORNIA LABOR

19         SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

20         until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

21   4.    On all claims:

22   A)    An award of interest, including prejudgment interest at the legal rate;

23   B)    Such other and further relief as the Court deems just and equitable; and,

24   C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

25         including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

26

Dated: January 15, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

27                               By:   /s/ Norman B. Blumenthal
                                       Norman B. Blumenthal
28                                     Attorneys for Plaintiff

1

2 ## **DEMAND FOR A JURY TRIAL**

3    PLAINTIFF demands a jury trial on issues triable to a jury.

4

5 Dated:   January 15, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

6                                    By:   */s/ Norman B. Blumenthal*

7                                          Norman B. Blumenthal
                                          Attorneys for Plaintiff

8

9

10

11 K:\D\Dropbox\Pending Litigation\Lake Forest Nursing Center - Rodriguez\p-Complaint-FINAL.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28